# UNITED STATES COURT OF APPEALS
## for the Fifth Circuit

---

### No. 95-30254

---

### THE SUCCESSION OF LULA BELLE WARDLAW,
#### through its executor, Marvin E. Owen,

**Plaintiff-Appellant,**

### VERSUS

### THE WHITNEY NATIONAL BANK, ET AL.,

**Defendants-Appellees.**

#### AND

### PREMIER BANK,

**Defendants.**

---

### Appeal from the United States District Court
### For the Eastern District of Louisiana
### (94-CV-2026-N)
December 5, 1995

Before DAVIS AND PARKER, Circuit Judges and BUNTON,[1] District Judge.

PER CURIAM:[2]

Appellant challenges the district court's order of dismissal dated February 14, 1995, which dismissed the RICO counts against Appellees Whitney National Bank and James Cleveland Langlois, Jr., for failure to state a claim. Appellant argues that the district court erred in dismissing the claims because Appellant made a specific showing of a pattern of racketeering. We reverse the district court's order and remand the case to the district court so that it may consider the closed-ended

---

[1] District Judge of the Western District of Texas, sitting by designation.

[2] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

concept for determining whether Appellant alleged a pattern of racketeering activity.

## I. STANDARD OF REVIEW

This Court reviews a district court's dismissal for failure to state a cause of action de novo. Techman v. DSC Comm. Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Barrientos v. Reliance Standard Life Ins., 911 F.2d 1115, 1116 (5th Cir. 1990). The Court applies the same standards applicable to the district court. Manges v. McCamish, 37 F.3d 221 (5th Cir. 1994). Specifically, a claim must not be dismissed unless the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief. Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994). Furthermore, the plaintiff's allegations are to be taken as true and resolved in the light most favorable to the plaintiff. Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

## II. ELEMENTS OF A RICO CLAIM

To establish a RICO violation, the plaintiff must allege the existence of : 1) a person who engages in a pattern; 2) of racketeering activity; 3) connected to the acquisition, establishment, conduct, or control of an enterprise. Calcasieu Marine Nat'l Bank v. Grant, 943 F.2d 1453, 1461 (5th Cir. 1991)(emphasis omitted). The district court dismissed the RICO claims because it believed that "Plaintiff ha[d] not made a specific showing that defendants' acts constitute[d] a pattern of racketeering activity that poses a threat of future criminal conduct." ROA at 1317. Consequently, the district court did not address whether there were sufficient allegations as to the other elements required to comprise a RICO claim.

## III. DISCUSSION

In order to prove a "pattern" of racketeering activity a plaintiff must show at least two racketeering predicates that are related and that amount to, or threaten the likelihood of, continued criminal activity. H.J. Inc. v. Northwestern Bell. Tele. Co., 109 S.Ct. 2893, 2899-2905 (1989). In other words, the plaintiff must prove continuity of racketeering activity, or the threat of continued racketeering activity to satisfy the pattern requirement. Id.

The Supreme Court has stated that "[c]ontinuity is both a close- and open-ended concept,

referring either to a <u>closed period of repeated conduct</u>, or the past conduct that by its nature projects into the future with the threat of repetition.  <u>Id.</u> at 2902 (emphasis added).

Appellant has alleged that Appellees engaged in a series of related RICO predicates extending over a substantial period of time.  It appears that the district court only considered the open-ended concept of proving a pattern of racketeering activity when it stated that "the bare allegation that because these defendants did something fraudulent once, they are likely to do it again, is insufficient to establish the threat of future criminal conduct."  ROA at 1315.  This suggests the court believed that Appellant had to show that <u>future</u> criminal conduct was likely.  There is no indication that the district court considered that a "pattern" could be established by a closed period of repeated conduct. Because Appellant has alleged a series of RICO predicates extending over several years, we reverse the order of dismissal for failure to state a claim for relief and remand this case to the district court so that it can determine whether Appellant has sufficiently alleged a pattern of racketeering activity utilizing the closed-ended concept.

**REVERSED AND REMANDED.**